UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY POWELL                              CIVIL ACTION

VERSUS                                      NUMBER 13-369-JJB-SCR

ESSENTIA INSURANCE COMPANY,
ET AL.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 20, 2013.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY POWELL                               CIVIL ACTION

VERSUS                                       NUMBER 13-369-JJB-SCR

ESSENTIA INSURANCE COMPANY,
ET AL.

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Gregory Powell. Record document number 10. The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court against defendants Essentia Insurance Company and Hagerty Insurance Agency, LLC to recover insurance proceeds covering the plaintiff's vehicle which was stolen on April 12, 2013. In his petition, the plaintiff alleged that he purchased a Classic Automobile Policy from Essentia Insurance Company on March 15, 2013 through Hagerty Insurance Agency to provide insurance coverage on his 1974 Oldsmobile Delta 88. Plaintiff asserted the defendants wrongfully denied coverage after he filed his claim for the stolen vehicle. In addition to compensatory damages for breach of contract, the plaintiffs sought attorneys' fees and penalties under LSA-R.S. 22:1973 for the defendants arbitrary and capricious denial of coverage.

---

[1] Record document number 11. Plaintiff filed a reply memorandum. Record document number 14.

Defendants removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2] Defendants argued that the jurisdictional amount is satisfied based on the value of the car, $30,000, plus the penalties and attorneys' fees under Louisiana law.

Plaintiff moved to remand and argued that it is not facially apparent from the allegations in the petition that the jurisdictional amount required under § 1332(a) is met. Plaintiff also asserted that the defendant has failed to offer any summary judgment type evidence to demonstrate that his claims are worth over $75,000. Because any doubts concerning satisfaction of the required amount in controversy must be construed in favor of

---

[2] Defendants alleged citizenship as follows: plaintiff Gregory Powell is a citizen of Louisiana; defendant Hagerty Insurance Company, a limited liability company whose sole member is The Hagerty Group, LLC which is organized in the State of Delaware and its members are: Tammy Hagerty, a citizen of Michigan; McKeel Hagerty, a citizen of Michigan; Kim Hagerty, a citizen of Michigan; Tammy J Hagerty, LLC, a Michigan limited liability company whose members are Tammy J. Hagerty, a citizen of Michigan, and Johanna Hagerty, a citizen of Michigan; Axios Ventures, LLC, a Delaware limited liability company, whose members are McKeel O. Hagerty, a citizen of Michigan, and Olivia Helen Pearl Hagerty, a citizen of Michigan; Kim Hagerty, LLC, a Michigan limited liability company whose members are Kim Hagerty, a Michigan limited liability company whose members are Kim Hagerty, a citizen of Michigan, and Mia Louise Hagerty, a citizen of Michigan; Hagerty Holding Corporation, a Delaware corporation with its principal place of business in Traverse City, Michigan; Tammy Hagerty Revocable Trust, whose trustee is Tammy Hagerty, a citizen of Michigan; McKeel Hagerty Revocable Trust, whose trustee is McKeel O. Hagerty, a citizen of Michigan; Kim Hagerty Revocable Trust, whose trustee is Kim Hagerty, a citizen of Michigan; and defendant Essentia Insurance is a foreign insurance company, domiciled in Missouri with its principal place of business in Deerfield Illinios.

remand, the plaintiff argued that the defendant failed to meet its burden of establishing federal court jurisdiction.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[3] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases, the removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by

---

[3] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
   Plaintiffs did not allege that their claim was for less than the required jurisdictional amount. While this factor supports finding that the plaintiffs' claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

3

demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[4]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent

---

[4] See also 28 U.S.C. § 1446(c)(2) (considering state practice for pleading a specific sum of damages for purposes of evaluating a defendant's assertion of the amount in controversy in notice of removal). 28 U.S.C. § 1446(c), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), provides:
> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that-(A) the notice of removal may assert the amount in controversy if the initial pleading seeks-(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2); *Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446 is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount of damages).

4

from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

It is not facially apparent from the allegations in the plaintiff's petition that the value of the plaintiff's claims exceeds $75,000, exclusive of interest and costs.  Although the plaintiff sought damages for the loss of the vehicle and penalties and attorneys fees under Louisiana law, the facts contained in the allegations are insufficient to ascertain the value of the vehicle or any penalty damages that could be awarded.

Defendants relied on the policy to show that the guaranteed value of the plaintiff's vehicle was $30,000.[5] Defendants also provided evidence demonstrating that when he filed his claim the plaintiff stated in an affidavit that he purchased the vehicle for $15,000 and added improvements costing $17,000.[6] And the defendants submitted a statement made by the plaintiff in conjunction with his claim in which he stated that he had invested approximately $50,000 in the vehicle.[7]

Plaintiff failed to provide any evidence to contradict these facts or demonstrate the value of the car is less than $30,000. Plaintiff's argument that the value of the vehicle can only be determined by the defendants' appraisal is unpersuasive since the substantive evidence provided by the defendants shows the plaintiff intends to seek at least the policy limit of $30,000 as a part of his claim, regardless of the defendants' estimated value.

Plaintiff also asserted claims under LSA-R.S. 22:1892 and LSA-R.S. 22:1973. Under LSA-R.S. 22:1892 an insurer of policies, other than life and health and accident, shall be liable for penalties and attorney's fees if it fails to (1) make a payment due under a policy within thirty days after receipt of satisfactory written proofs and demand; (2) make a written offer to settle any property

---

[5] Record document number 11-1, Exhibit 1.

[6] Record document number 11-2, Exhibit 2.

[7] Record document number 11-3, Exhibit 3.

damage claim, within thirty days after receipt of satisfactory proofs of loss of that claim, or (3) make such payment within thirty days after written agreement or settlement, when such failure is found to be arbitrary, capricious, or without probable cause. Based on the evidence described above, the penalties under LSA-R.S. 22:1892 could potentially equal half of the value of the vehicle/policy limit, i.e. $15,000.

An insurer is also held to a duty of good faith and fair dealing under LSA-R.S. 22:1973. Violators of this statute are subject to penalties in an amount not to exceed two times the damages sustained or $5,000, whichever is greater.[8] In determining the penalties awarded under LSA-R.S. 22:1973, the Louisiana Supreme Court has held that the "damages sustained" referred to in the statute do not include the contractual amounts due pursuant to the terms of the contract and should not be considered in the penalties calculation.[9] "Rather, penalties are calculated by doubling the amount of damages attributable to the insurer's breach of duties imposed under the statute."[10]

Plaintiff's petition is devoid of any facts describing any additional damages attributable to the insurer's breach of the

---

[8] LSA-R.S. 22:1973(C).

[9] *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71, 2011-0084 (La.10/25/2011)

[10] *Id.* at 1171.

7

duties imposed under the statute, e.g. mental anguish or loss of use. Thus, based on the record before the Court at this point, the preponderance of the evidence shows that the plaintiff may be awarded $5,000 in penalties under the statute. Even if an award of attorneys' fees under LSA-R.S. 22:1892 is factored into the amount in controversy calculation, the penalties under LSA-R.S. 22:1973 are too speculative and/or low to conclude that the jurisdictional amount would be satisfied.

Defendants failed to provide any additional evidence to demonstrate an amount of penalties being sought under LSA-R.S. 22:1973. Consequently, they have not shown by a preponderance of evidence that the amount in controversy exceeds $75,000. Thus, this court lacks subject matter jurisdiction under § 1332(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted.

Baton Rouge, Louisiana, August 20, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE