UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GREGORY POWELL

CIVIL ACTION

VERSUS

NO. 13-369-JJB-SCR

ESSENTIA INSURANCE COMPANY,
ET AL.

## RULING AND ORDER

The court has carefully considered Powell's motion to remand (doc.10), the record, the law applicable to this action, the Report and Recommendation of the United States Magistrate Judge Stephen C. Riedlinger, dated August 20, 2013 (doc. 15), Defendants' objections (doc. 18), and Powell's memorandum in support (doc. 19) of the magistrate judge's report.

In his report, Judge Riedlinger determined that the Defendants failed to show, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. The magistrate judge aggregated the following amounts in controversy and found that amount insufficient: $30,000 as the full recoverable amount under the insurance policy, $15,000 of penalties under La. R.S. 22:1892, as well as $5,000 of damages and $10,000 of penalties under La. R.S. 22:1973. Additionally, the magistrate judge determined that even if attorneys' fees were included in the calculation, the amount would be too low or too speculative to satisfy the requirement.

First, this Court agrees with the Defendants that amount of attorneys' fees could easily reach $10,000. Secondly, this Court disagrees with the factual and legal conclusions of the magistrate judge regarding the application of La. R.S. 22:1973. Under La. R.S. 22:1973 the Plaintiff may recover general and special damages if the insurer breached its duties defined in the

1

statute. In the cases cited by Defendants, the most common damages resulted from mental anguish, stress, and inconvenience, which are attributable to the insurer's breach.[1]

In Plaintiff's recorded statement (doc. 11-3), the Plaintiff discussed in detail the extensive repairs and additions he personally made to the vehicle. The Plaintiff asserts approximately $50,000 spent on the car along with countless hours of unrecoverable work. Regarding the work Plaintiff said,

> I redid the motor work on that, I put a camera in there, I put a new intake…I put a beefed-up-alternator, I ran both gel-pack batteries, changed the transmission to a four-speed . . . I've had to change the suspension kits because I put the oversized rims on it . . . . I repainted it, I redid the interior, I put fiberglass enclosures on the inside, I put TVs…I have Pioneer in dash and two headrest TVs…8 speakers… I rewired the car . . . I replaced and they put a new top on there, new glass, new windshield . . . . I put new floorpads . . . .

(doc. 11-3). Plaintiff has also brought the car to a car show to display his hard work. (doc. 11-3). Regarding his vehicle the Plaintiff said, "there's no other car like that around here" and "I'd never sell that car." (doc. 11-3). If the Defendants breached their duty under La. R.S. 22:1973 then Plaintiff stands to recover general and special damages for mental anguish and inconvenience relating to the loss of his vehicle. If Plaintiff were awarded as little as $7,000 for mental anguish and inconvenience, he would also be entitled to a penalty award of $14,000. The cases cited by Defendants show support for an award in this amount or higher.

Based on the foregoing, this court finds the amount in controversy exceeds $75,000 and is detailed as follows: $30,000 as the full recoverable amount under the insurance policy,

---

[1] *See Orellana v. Louisiana Citizens Prop. Ins. Corp.*, 2007-1095 (La. App. 4 Cir. 2007) (awarding plaintiff $125,000 for mental anguish under La. R.S. 22:1973 for loss of home); *Dickenson v. Lexington Ins. Co.*, 556 F.3d 290 (5th Cir. 2009) (awarding plaintiff $25,000 in damages for mental anguish resulting from insurer's refusal to pay for damage to the home). Plaintiff may also reasonably recover damages close to the value of the vehicle, which is at least $30,000 pursuant to the policy if they successfully prove the insurer arbitrarily and capriciously denied payment on the claim. *Dominick v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5175667 at *5 (E.D. La. Sept. 12, 2013).

2

$15,000 of penalties under La. R.S. 22:1892, $10,000 of attorneys' fees under La. R.S. 22:1892, as well as at least $7,000 of general damages and $14,000 of penalties under La. R.S. 22:1973.

Upon reviewing the magistrate judge's report and the parties' respective briefings on the matter, the Court hereby DENIES Powell's motion to remand (doc. 10).

Signed in Baton Rouge, Louisiana on October 29th, 2013.

```
_____
JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA
```